UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT CHRISTOPHER JONES,

        Petitioner,

v.                                          CASE NO. 11-10809
                                            HONORABLE VICTORIA A. ROBERTS

DEBRA SCUTT,

        Respondent.

_____/

## ORDER OF DISMISSAL

### I. Introduction

Petitioner Scott Christopher Jones, a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that he was convicted in Wayne County Circuit Court of carrying a concealed weapon, felon in possession of a firearm, and felony firearm, third offense. He was sentenced to ten years in prison for the felony firearm conviction, followed by concurrent terms of one and a half to five years in prison for each of the other convictions.

On appeal from his convictions, Petitioner alleged that the prosecutor made improper comments during closing arguments, that his attorney was ineffective for failing to ask for a missing-witness jury instruction, and that his sentence for the felon-in-possession count was erroneous. The Michigan Court of Appeals affirmed Petitioner's convictions, but vacated his sentence for the felon-in-possession conviction and

remanded the case to the trial court for re-sentencing on that count. *See People v. Jones*, No. 288671 (Mich. Ct. App. Apr. 22, 2010). Petitioner raised the same two claims about the prosecutor and his trial attorney in an application for leave to appeal in the Michigan Supreme Court. The state supreme court denied leave to appeal on September 27, 2010, because it was not persuaded to review the issues. *See People v. Jones*, 488 Mich. 871 (2010).

Petitioner alleges that he filed a motion for relief from judgment in the trial court on December 15, 2010. The post-judgment motion complained of trial errors and included several new claims of prosecutorial misconduct and ineffective assistance of trial counsel. According to Petitioner, the motions are still pending in Wayne County Circuit Court.

Petitioner signed and dated his habeas corpus petition on February 14, 2011. He appears to be asserting the same claims that he raised on direct appeal – with the exception of his sentencing claim – and in his pending motion for relief from judgment.

## II. Discussion

The doctrine of exhaustion of state remedies requires prisoners in state custody to give the state courts an opportunity to act on their claims before raising them in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. This means that a habeas petitioner must fairly present his or her claims to

the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford,* 339 U.S. 200, 218-19 (1950)).

Petitioner raised his claims about the prosecutor's closing arguments and trial counsel's failure to request a missing-witness instruction in the Michigan Court of Appeals and in the Michigan Supreme Court. Therefore, those claims are exhausted.

To the extent that Petitioner is also raising the claims that he has presented to the Wayne County Circuit Court in his motion for relief from judgment, those claims are unexhausted. Petitioner has not yet received a ruling from the trial court, nor presented those claims to the Michigan Court of Appeals and to the Michigan Supreme Court. Thus, the habeas petition is a "mixed" petition of two exhausted claims and several unexhausted claims.

Courts ordinarily must dismiss "mixed" petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Although courts sometimes hold a habeas petition in abeyance to avoid having a subsequent petition barred from consideration by the one-year statute of limitations, *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005), it appears that Petitioner's convictions did not become final until the latter part of 2010 and that Petitioner filed his motion for relief from judgment in the trial court before his convictions

became final. If the motion was properly filed, it tolled the limitation period. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Thus, it does not appear that the statute of limitations has begun to run.[1] It is therefore unnecessary to hold the habeas petition in abeyance. The habeas petition is **DISMISSED** without prejudice due to Petitioner's failure to exhaust state remedies for all his claims.

If Petitioner prefers to have the Court adjudicate the two claims that he presented to the State's appellate courts on direct review, he shall file a motion to re-open this case and an amended petition setting forth only his two exhausted claims. Any motion to re-open the case for that purpose shall be filed within **twenty-eight (28) days** of the date of this opinion.

---

[1] The one-year statute of limitations for habeas petitions normally begins to run after a state prisoner's conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Direct review of a conviction, for purposes of § 2244(d)(1)(A), "concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U. S. 113, __, 129 S. Ct. 681, 685 (2009). Petitioner had ninety days from September 27, 2010, the date on which the Michigan Supreme Court denied his application, to file a petition for writ of certiorari in the United States Supreme Court. *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). Because he declined to do so, his conviction became final ninety days later on December 26, 2010, when the time for seeking a writ of certiorari expired. *Id.* (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000), and *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007)). Petitioner claims that he filed his motion for relief from judgment before then.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 7, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Scott Christopher Jones by electronic means or U.S. Mail on March 7, 2011.

s/Carol A. Pinegar
Deputy Clerk